UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                      Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 21)**

Before the Court is a Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendant City of Barstow.  (Mot., Doc. 21; Mem., Doc. 22.)  Plaintiffs opposed, and the City replied.  (Opp., Doc. 33; Reply, Doc. 34.)  The Court took this matter under submission and now, for the following reasons, the Court GRANTS the Motion.

**I.      BACKGROUND**

Plaintiff Barstow Proprietor Association ("BPA") and several Individual Plaintiffs initiated this § 1983 action against the City of Barstow in federal court on May 22, 2023.  (*See* Compl., Doc. 1.)  The operative First Amended Complaint ("FAC") accuses the City of several civil rights violations deriving from a new city ordinance that requires rental properties to be registered with the City and subjected to annual inspections.  (FAC ¶¶ 9, 15, Doc. 19.)  The original ordinance, No. 975-2021, was passed on July 19, 2021; an amended ordinance, No. 993-2022 was adopted on June 20, 2022.  (*Id.*)  The FAC appears to allege facial and as-applied challenges to both ordinances.  Since any facial challenges to the first ordinance are moot, the Court's recitation of facts will focus on the amended ordinance and the Plaintiffs' allegations regarding as-applied conduct under both the original and amended ordinances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:23-cv-00926-JLS-JC                                                   Date: November 16, 2023
Title:   Barstow Proprietor Association, et al. v. City of Barstow

### A.    Ordinance Background[1]

Ordinance No. 993-2022 establishes a residential rental registration and inspection program in order to address "an increase in the occurrence of substandard maintenance, unsafe conditions, illegal activity and public nuisances in single-family rental property, especially those rented by absentee landlords" and the lowered property values that these "unkempt" rental houses cause.  (Ordinance at 1, Doc. 19-2.)  The ordinance creates a Comprehensive Residential Rental Unit inspection program that applies to all residential rental units, but not hotels and motels; the program requires properties to be inspected by a Building Official but specifies that "[n]o interior inspection shall take place without the consent of the owner … unless the Building Inspector has an inspection warrant or upon exigent circumstances."  (*Id.* § 5.91.020.)  The program also allows landlords to "self-certify and accept all liability" using the City's Self-Certification Checklist.  (*Id.*)

The ordinance requires the owners of rental properties to obtain an Annual Rental Permit for each property they own, "within sixty (60) days of becoming a residential rental unit, or being converted to a residential rental unit."  (*Id.* § 5.91.050.)  The Permit issues after the property passes an initial property inspection and after the owner pays annual permitting fees.  (*Id.*)  The scope of inspections includes exterior property maintenance and cleanliness, landscape maintenance, land use, maintenance of the primary structure, and compliance with city codes.  (*Id.* § 5.91.080(e).)  The permit must be renewed annually; renewal requires the property owner to subject the property to annual reinspection.  (*Id.* § 5.91.080(f).)

---

[1] Here, the Court will take judicial notice of the two ordinances, Ordinance No. 975-2021 and No. 993-2022 and of the City of Barstow's Municipal Code, Title 6, Chapter 6.30, which details the City's issuance and management of administrative fines and penalties.  (*See* Def.'s Request for Judicial Notice, Doc. 23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                        Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

If a property fails an inspection, the City will provide a written report to the owner detailing the violations and the period of time to correct the violations.  (*Id.* § 5.91.080(h).)  Property owners who are issued citations for violations have several opportunities for review.  Property owners may request a preliminary review within 14 days of a citation.  (*See* Code 1969, § 6.30.090, Doc. 23-1.)  Once owners have received a second citation containing a notice of noncorrection, they may request an administrative hearing.  (*Id.* § 6.30.100.)  Section 6.30.110 details the hearing procedures; it provides notice requirements and guarantees an opportunity for the challenger to testify.  Following a hearing, a person may seek judicial review of the decision and the appeal is heard *de novo*.  (*Id.* § 6.30.120.)

**B.    Factual Background**

Individual Plaintiffs are landlords who own rental properties in Barstow.  (FAC ¶ 6.)  BPA is a trade association bringing its claim in a representative capacity on behalf of its members.  (*Id.* ¶¶ 2, 8.)  Plaintiffs allege that both before and after the passage of the ordinances, they "petitioned in various meetings and City Council hearings" regarding their "strong opposition" to the ordinances.  (*Id.* ¶ 10.)  They also allege that, before the ordinance was amended, City officials "entered onto Plaintiffs' properties, including the interior of such properties, without consent … or an administrative warrant."  (*Id.* ¶ 18.)  Further, they allege that since the adoption of the amended ordinance, City officials have entered onto Plaintiffs' properties to conduct exterior inspections without obtaining an administrative warrant or consent.  (*Id.* ¶ 19.)

Several Individual Plaintiffs allege that, on May 19, 2023, they received notices of ordinance violations, "informing them that the City required them to register their properties and have their properties inspected."  (*Id.* ¶ 20.)  The Individual Plaintiffs say that the notices "threatened them with administrative citations and criminal prosecution."  (*Id.* ¶ 21.)  As to Individual Plaintiff Ira Gwin, he alleges that he "is known to the City to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC        Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

be a principal member and leader of BPA" who has attended city council meetings and stated his opposition to the ordinance.  (*Id.*¶ 22.)  Plaintiffs also allege that "physical inspections … as set forth in the Notice they received" were done without consent or a warrant.  (*Id.* ¶ 23.)  But the notices of violation, which Plaintiffs attached to the FAC, do not suggest that a physical inspection took place; the only noted violation was a failure to register the property.  (Ex. C to FAC, Notices of Violation, Doc. 19-3.)

The FAC consists of a single claim for relief under 42 U.S.C. § 1983, but it describes seven distinct constitutional violations.  (*See* FAC ¶ 27.)  The Court treats the FAC as though it alleges seven claims: 1) a First Amendment[2] violation under the Petition and Grievances Clause; 2) a Fourth Amendment violation based on unlawful searches of Plaintiffs' properties; 3) a Fifth Amendment violation under the Takings Clause; 4) a Fourteenth Amendment violation for failure to guarantee procedural due process; 5) a Fourteenth Amendment violation for failure to guarantee substantive due process; (6) a Fourteenth Amendment violation under the Equal Protection Clause; (7) and a Fourteenth Amendment violation under the Privileges and Immunities Clause.  (*Id.*)

## II.  LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*,

---

[2] Claims under the First, Fourth, and Fifth Amendments are applicable to the City by and through the Fourteenth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:23-cv-00926-JLS-JC     Date: November 16, 2023
Title: Barstow Proprietor Association, et al. v. City of Barstow

556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Finally, the Court may not dismiss a complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks omitted).

**III.    ANALYSIS**

The City moves to dismiss all seven of Plaintiffs' claims. The Court addresses each claim in turn.

**A.    First Amendment**

In the FAC, Plaintiffs allege that their rights under the First Amendment were violated based on the Petitions and Grievances Clause. (FAC ¶ 27.) That Clause reads: "Congress shall make no law … abridging … the right of the people … to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiffs do not allege any facts that describe how the ordinances impede their right to petition the government, or how the City's conduct has impeded that right. In fact, the FAC states that Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                         Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

*did* petition "in various meetings and City Council hearings," suggesting that the right to petition was not infringed.  (FAC ¶ 10.)

      In their Opposition to the Motion to Dismiss, Plaintiffs argue that their First Amendment claim is premised on the City's retaliation against them for their petitioning activity.  (Opp. at 2.)  They add that the City's notices of violation, "coupled with threats" of administrative citations and criminal prosecution, are sufficient to state a claim for a First Amendment violation.  (*Id.*)

      As a threshold matter, this theory of how Plaintiffs' First Amendment rights were violated is not clearly stated in the FAC.  Even so, a plaintiff bringing a claim for First Amendment retaliation must show that "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action."  *Boquist v. Courtney*, 32 F.4th 764, 775 (9th Cir. 2022) (quoting *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010)).

      Here, Plaintiffs have not sufficiently alleged that they were subject to adverse actions that would chill speech or that their petitioning activity is what caused any adverse action.  Plaintiffs argue that the notices of violation amount to adverse action, *see* Opp. at 2, but that is not plainly stated in the FAC.  Because the notices do not impose any sanctions and are simply reminders to rental property owners to comply with the ordinance's registration requirements, it is not clear how these notices would have chilled speech.  (*See* Ex. C to FAC.)  Further, Plaintiffs provide no factual support for the allegation that these notices were sent because of Plaintiffs' petitioning activity.  The FAC states only that Ira Gwin is known to the City as the leader of BPA and has stated his opposition to the ordinances.  (FAC ¶ 22.)  But the notices of violation do not support the inference that Gwin was targeted, because other rental property owners received the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                  Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

same notices but do not allege that that they voiced opposition to the ordinances.  (*See* Reply at 6; Ex. C to FAC.)  Plaintiffs argue that the timing of the notices is "suspicious," but the FAC does not even state when Gwin's protected constitutional activity took place as compared to when he received his notice of violation.  In short, the sparse nature of the FAC makes it impossible to draw any inferences about how Plaintiffs' petitioning activity caused the City to take retaliatory action.

The Motion is GRANTED as to the First Amendment claim.  But because additional factual detail might support a claim that the City retaliated against Plaintiffs for their petitioning activity, the claim is DISMISSED WITH LEAVE TO AMEND.

  **B.**  **Fourth Amendment Claim**

Plaintiffs next allege that the City violated the Fourth Amendment by subjecting them to unlawful searches and seizures.  (FAC ¶ 27.)  Plaintiffs bring both a facial challenge and an as-applied challenge.  The facial challenge alleges that the amended ordinance violates the Fourth Amendment because it "does not provide for judicial pre-compliance review before assessing criminal penalties for alleged violations or non-compliance … as required under *City of Los Angeles v. Patel*, 576 U.S. 409 (2015)."  (FAC ¶ 16.)

*Patel* requires that "absent consent, exigent circumstances, or the like, in order for an administrative search to be constitutional" when it is conducted *without a warrant*, "the subject of the search must be afforded an opportunity to obtain precompliance review before a neutral decisionmaker."  576 U.S. at 420.  Here, the amended ordinance requires that all inspections be conducted with "consent of the owner," with "an inspection warrant," or upon "exigent circumstances"; owners may also avoid inspections altogether by using the City's self-certification system.  (Ordinance, § 5.91.050.)  The FAC does not allege, and Plaintiffs do not argue, that the procedures for obtaining an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                         Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

inspection warrant are somehow insufficient or do not take place before a neutral decisionmaker.  As a result, the ordinance is facially constitutional because it contemplates either an inspection *with a warrant* or a warrantless search with consent or upon exigent circumstances, precisely as *Patel* contemplates.

Plaintiffs argue for the first time in Opposition that the amended ordinance also violates the Fourth Amendment by providing for external, warrantless inspections that intrude upon the curtilage in violation of *Florida v. Jardines*, 569 U.S. 1 (2013).  (Opp. at 3.)  But such allegations must be in the complaint, not raised in argument.  Further, nothing in the amended ordinance authorizes any City employee to enter upon the property to conduct an exterior inspection.  (*See* Reply at 7; Ordinance, § 5.91.080(e).)  Plaintiffs' facial challenge therefore fails.

Plaintiffs also bring an as-applied challenge, alleging that interior inspections have taken place without consent, exigent circumstances, or a warrant and alleging that inspectors have entered onto Plaintiffs' properties to conduct exterior inspections.  (FAC ¶¶ 18, 19.)  But Plaintiffs have failed to provide sufficient factual details regarding these searches.  Plaintiffs do not detail when these warrantless inspections took place, which properties were inspected, and what the scope of the inspection was, making it impossible to determine whether the inspections occurred and, if so, whether they amounted to an unreasonable search.  *See Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (explaining that "naked assertions devoid of further factual enhancement will not suffice" at the motion-to-dismiss stage (internal quotations and alterations omitted)).  Finally, Plaintiffs allege that the physical inspections detailed in the notices of violation also took place without a warrant or consent.  (FAC ¶ 23.)  But again, Plaintiffs provide no details regarding the alleged physical inspection.  And the notices of violation do not appear to record a physical inspection because they reference only a failure to register the properties.  (*See* Ex. C to FAC.)  Plaintiffs and their counsel are reminded that Federal Rule of Civil Procedure 11 requires that all factual contentions have evidentiary support;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                                    Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

if they are not aware of any physical inspections that took place in association with the notices of violation, Plaintiffs are obligated to make accurate representations to the Court.

The Motion is GRANTED as to the Fourth Amendment Claim.  But because additional factual detail regarding the alleged warrantless inspections might show that those inspections occurred and violated the Fourth Amendment, the claim is DISMISSED WITH PREJUDICE as to the facial challenge, and WITH LEAVE TO AMEND the as-applied allegations.

### C.    Fifth Amendment Claim

Plaintiffs next claim is that the City violated the Fifth Amendment Takings Clause, which provides that private property shall not be "taken for public use[] without just compensation."  U.S. Const. amend. V.  Plaintiffs allege that the ordinance "does not provide for the payment of compensation, or as an equivalent, an amortization period for use and operation of properties …."  (FAC ¶ 17.)

The Supreme Court recently held that "[w]henever a regulation results in a physical appropriation of property, a *per se* taking has occurred."  *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2072 (2021).  In considering a California regulation that granted labor organizations a right to access "an agricultural employer's property in order to solicit support for unionization," the Court concluded that the regulation amounted to a "government-authorized invasion[] of property" by appropriating "a right to physically invade the [] property"; the property owners' complaint therefore stated a claim for an uncompensated taking even though the right to access was temporary.  *Id.* at 2069, 2074.  Nevertheless, the Court reiterated that "the government may require property owners to cede a right of access as a condition of receiving certain benefits, without causing a taking" as long as "the permit condition bears an 'essential nexus' and 'rough proportionality' to the impact of the proposed use of the property."  *Id.* at 2079 (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                                          Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

*Dolan v. City of Tigard*, 512 U.S. 374, 386 (1994)).  Therefore, "government health and safety inspection regimes will generally not constitute takings."  *Id.*  "When the government conditions the grant of a benefit such as a permit, license, or registration on allowing access for reasonable health and safety inspections, both the nexus and rough proportionality requirements of the constitutional conditions framework should not be difficult to satisfy."  *Id.*

The City argues that Plaintiffs failed to seek compensation in state court first, even though the Supreme Court overruled the "state-litigation requirement" for takings claims in *Knick v. Township of Scott*, 139 S. Ct. 2162, 2167 (2019).  Next, the City argues that Plaintiffs fail to allege a "permanent physical invasion" or the denial of "all economically beneficial or productive use of land."  (Mem. at 22 (quoting *Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528, 538 (2005) and *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1015 (1992)).)  But, as explained, that is no longer the governing law for the kind of physical appropriation created by the City's inspections.

Nevertheless, Plaintiffs have failed to allege that the inspection regime lacks a nexus and a proportionality to the issuance of rental property permits.  Nor can they.  The City has instituted permitting requirements for its rental properties, and the permit is conditioned on a short, annual inspection to ensure that the property is habitable and code compliant.  This is precisely the kind of health and safety inspection regime that the Supreme Court explained would *not* be a taking.  And it is nothing like the access regulation in *Cedar Point Nursery*, which the Supreme Court described as "not germane to any benefit provided to [the property owner] or any risk posed to the public."  141 S. Ct. at 2080.  The Fifth Amendment claim is therefore DISMISSED WITH PREJUDICE.

**D.     Procedural Due Process and Substantive Due Process**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                   Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

Plaintiffs allege that the City violated their right to both procedural and substantive due process.  (FAC ¶ 27.)  The City argues that the Barstow Municipal Code complies with procedural due process by guaranteeing preliminary review, an administrative hearing, and judicial review for all citations.  (Mem. at 23.)  Further, the City contends that the ordinance cannot amount to a violation of substantive due process, which protects the right to engage in a calling, because the ordinance is reasonable and "does not impose a complete bar" on the right to be a landlord.  (*Id.* at 24–25.)  Plaintiffs do not address these arguments in their Opposition.  By their failure to oppose, Plaintiffs have conceded the failure to state a claim for due process violations, and the claims are DISMISSED WITH PREJUDICE.

### E.  Equal Protection Claim

Plaintiffs also bring a claim under the Fourteenth Amendment based on the Equal Protection Clause, which "directs that 'all persons similarly circumstanced shall be treated alike.'"  *Plyler v. Doe*, 457 U.S. 202, 216 (1982) (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920)).  Plaintiffs allege that, in exempting hotels and motels from the ordinance, the City has discriminated against certain property owners.  (FAC ¶ 27.)

Because the distinction created by the ordinance does not implicate a fundamental right or a suspect class, it must pass muster under rational basis review, meaning there must be "a rational relationship between the disparity of treatment and some legitimate governmental purpose."  *Armour v. City of Indianapolis*, 566 U.S. 673, 680 (2012) (quoting *Heller v. Doe*, 509 U.S. 312, 319–20 (1993)).  Plaintiffs argue that "no rational distinction" supports the exemption for hotel and motel owners.  (Opp. at 6.)  But that is not true.  The City provides many rational reasons to distinguish between residential rental properties and hotel and motel properties.  Residential rental properties often have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                                         Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

absentee landlords who are not regularly on site to assist tenants, and tenants typically sign long-term leases; in contrast, hotel and motels have staff on site and serve short term guests.  (Mem. at 27.)  As a result, the ordinance's purpose—which is to address substandard maintenance and conditions in properties with absentee landlords—supports a distinction between rental properties and hotels and motels.  (*Id.*)  Plaintiffs do not allege any facts that undermine this reasonable distinction, and the arguments in Plaintiffs' Opposition are so sparse, they offer absolutely no reason to reevaluate the City's reasoning.

Because the ordinance's distinction between rental properties and hotels and motels survives rational basis review, the equal protection claim is DISMISSED.  As this defect cannot be cured with amendment, the claim is DISMISSED WITH PREJUDICE.

F.      **Privileges or Immunities Claim**

Finally, Plaintiffs allege that the City violated their rights under the Privileges or Immunities Clause of the Fourteenth Amendment.  (FAC ¶ 27.)  The City argues that such a claim is foreclosed by the *Slaughter-House Cases*, 83 U.S. 36, 74–75 (1872), which explains that this Clause is not "intended as a protection to the citizen of a State against the legislative power of his own State."  (Mem. at 29); *see also Merrifield v. Lockyer*, 547 F.3d 978, 983–84 (9th Cir. 2008) (explaining that the limitation on the Privileges or Immunities Clause created by the *Slaughter-House Cases* is still good law, with the only exception being a claim based on the right to travel).  Once again, Plaintiffs have failed to address these arguments and conceded the failure to state a claim.  The privileges or immunities claim is DISMISSED WITH PREJUDICE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:23-cv-00926-JLS-JC                                Date: November 16, 2023
Title:  Barstow Proprietor Association, et al. v. City of Barstow

### IV.  CONCLUSION

For the above reasons, the City's Motion is GRANTED.  All of Plaintiffs' claims are DISMISSED.  The claim for retaliation in violation of the First Amendment and claims for as-applied violations of the Fourth Amendment are DISMISSED WITH LEAVE TO AMEND.  The remaining claims are DISMISSED WITH PREJUDICE.

Plaintiff may amend the pleading, correcting the deficiencies identified herein in a manner consistent with this Order and with all Rule 11 obligations.  Any amended complaint shall be filed **within fourteen (14) days** of the date of this Order.  Plaintiffs are also ORDERED to format any amended pleading such that each claimed constitutional violation is alleged as a distinct claim for relief under 42 U.S.C. § 1983.

Initials of Deputy Clerk: gga