**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARSTOW PROPRIETOR ASSOCIATION, *et al.*,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>CITY OF BARSTOW, a municipal corporation; MEGHAN A. WHARTON,<br><br>　　　　Defendants - Appellees. | No. 23-3935<br><br>D.C. No.<br>5:23-cv-00926-JLS-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted November 19, 2024**
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Plaintiffs-Appellants appeal the district court's decision dismissing their complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. §1291.

---

　　* 　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　** 　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Reviewing de novo, we affirm. *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008), *as amended*.

In 2021, the Barstow City Council adopted an Ordinance establishing a regulatory rental registration and inspection program for rental properties within the city of Barstow (City). The City subsequently adopted an Amended Ordinance clarifying that interior inspections could only take place with the landlord's consent, an administrative warrant, or under exigent circumstances. The Amended Ordinance also allowed landlords to self-certify that they are not providing "sub-standard housing."

In its First Amended Complaint (FAC) the Barstow Proprietor Association (BPA) alleged that the City entered onto the individual appellants' properties, without consent or an administrative warrant. BPA also alleged that the City sent some individual appellants a Notice of Violation in response to individual appellants' petitioning activities expressing opposition to the Ordinance, and that the timing and nature of the notices were "suspicious and raised an issue of retaliation."

BPA sought relief under 42 U.S.C. § 1983 for seven constitutional claims. However, on appeal BPA only challenges dismissal of the First Amendment claim brought under the Petition and Grievances clause, the Fourth Amendment claim for

"an unconstitutional administrative search scheme," and the Fifth Amendment regulatory taking claim.

    **1.**  BPA's First Amendment Claim predicated on the Petition and Grievances clause asserts a claim of retaliation for expressed opposition to the ordinance. Specifically, BPA alleged that some individual appellants were served with Notices of Violation in retaliation for this petitioning activity.  To state a claim of First Amendment retaliation, a plaintiff must plausibly allege engagement in protected activity resulting in adverse action, and a causal relationship between the protected activity and the adverse action.  *See Boquist v. Courtney,* 32 F.4th 764, 775 (9th Cir. 2022).  BPA's claim fails because BPA did not plausibly allege that the violation notices constituted an adverse action.  *See id* at 783 (explaining that, to be actionable, allegedly adverse action must "chill a person of ordinary firmness from continuing to engage in the protected activity").  Consequently, the district court did not err in dismissing the First Amendment claim.

    **2.**  The district court did not err when it dismissed BPA's Fourth Amendment facial challenge because the Amended Ordinance is not invalid in all its applications.  *See American Apparel & Footwear Assoc., Inc. v. Baden*, 107 F.4th 934, 938 (9th Cir. 2024).  For example, the Amended Ordinance prohibits interior inspections without an administrative warrant, consent, or exigent circumstances.  *See Columbia Basin Apartment Assoc. v. City of Pasco,* 268 F.3d

791, 803 (9th Cir. 2001), and exterior inspections may be conducted from a public vantage point without violating the Fourth Amendment.  *See United States v. Norris,* 942 F.3d 902, 907 (9th Cir. 2019).  Because these are valid applications of the Amended Ordinance, BPA's facial challenge fails.  *See United States v. Salerno*, 481 U.S. 739, 745 (1987).

**3.**  The district court did not err when it dismissed BPA's as-applied Fourth Amendment challenge because BPA failed to plausibly allege that a city official entered onto an individual appellant's property.  *See United States v. Dunn*, 480 U.S. 294, 304 (1987) (holding that no constitutional violation occurred when officers crossed open fields but did not enter any structure).

**4.**  The district court did not err when it dismissed BPA's Fifth Amendment takings claim because BPA has not plausibly alleged that a physical invasion of property occurred.  *See Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147-49 (2021).  BPA may not rely on *Penn Central Transp. Co. v New York City*, 438 U.S. 104 (1978) to establish a regulatory taking.  When the government is alleged to have physically appropriated property through appropriation of a right to access, *Penn Central* "has no place." *Cedar Point,* 594 U.S. at 149.

**AFFIRMED.**